IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-59,259-02 & WR-59,259-03






EX PARTE RONALD CHRISTOPHER GABRIEL, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 09-214-A & 09-215-A IN THE 130TH JUDICIAL DISTRICT COURT


FROM MATAGORDA COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge
of possession with intent to deliver a controlled substance, and one charge of possession of a firearm
by a felon. He was sentenced as a habitual felony offender to twenty-five years' imprisonment for
each case. 

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to advise Applicant of his right to appeal, and failed to timely file a notice of appeal. Although
Applicant pleaded guilty pursuant to a plea agreement, there was a written motion to suppress filed
and ruled on prior to trial. Applicant alleges that when he learned that he could appeal the denial of
the motion to suppress, he tried to file a pro se notice of appeal, but the trial court advised him that
he would need the court's permission to do so.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from trial counsel in response to Applicant's claims of ineffective assistance
of counsel for failure to advise Applicant of his appellate rights or timely file notices of appeal. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with any relevant documents,
including copies of the trial court's certifications of Applicant's right to appeal, Applicant's pro se
notices of appeal, and any response made by the trial court thereto. If Applicant specifically waived
his right to appeal matters raised in writing prior to trial, the trial court shall supplement the habeas
record with copies of any documents showing such a waiver. The trial court shall then make
findings of fact as to whether Applicant was denied his right to a meaningful appeal because
Applicant's counsel failed to correctly advise Applicant of his right to appeal, and failed to timely
file notices of appeal. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus
relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 2, 2011

Do not publish